## Women's Hours of Employment.

*Master and servant—Women—Hours of employment—Different employers —Act of July 25, 1913.*

1. Whenever a woman has worked on any day in, or in connection with, any establishment for the number of hours fixed by the Act of July 25, 1913, P. L. 1024, as the maximum for a day's work, then she has exhausted for that day her permissible employment in, or in connection with, all establishments whatsoever.

2. Where a woman has worked for ten hours a day for one employer, and then goes to another, for whom she works three and one-half hours in addition, the second employer violates the act.

Attorney-General's Department. Opinion to Hon. Clifford B. Connelly, Commissioner of Labor and Industry.

COLLINS, Dep. Att'y-Gen., Nov. 8, 1922.—This department is in receipt of your communication of the 25th inst., asking to be advised which employer in the following case violates the Female Labor Law. The case, as I understand it from the communication of the Chief of the Bureau of Inspection to you, a copy of which accompanies your communication, is as follows: Certain females who have worked in one mill for ten hours a day thereafter work on the same day in another mill operated by another employer for a further period of three and one-half hours. The total hours of work per week is not stated. The single question here submitted and passed upon is whether such an employment as the aforesaid of itself constitutes a violation of the provision of said law as to the hours of daily employment by the employer in the ' establishment in which the first ten hours of work was done, or by the one in the establishment in which there was a further employment for the day of

2 D. & C.

three and one-half hours. It appears that it is contended on behalf of the latter establishment that the said employment therein is not unlawful, inasmuch as it is less than the daily maximum fixed by the law. In my opinion, this contention is not well founded.

The Act of July 25, 1913, P. L. 1024, regulating the employment of females, defines "establishment" as any place in the Commonwealth where work is done for compensation, excepting work in private homes and farming. Section 3 thereof contains, inter alia, the following provisions:

"(a) No female shall be employed or permitted to work in, or in connection with, any establishment for more than six days in any one week or more than fifty-four hours in any one week, or more than ten hours in any one day.

"(b) Whenever any female shall be employed or permitted to work in, or in connection with, more than one establishment in any one week or in any one day, the aggregate number of hours during which she shall be employed or permitted to work in, or in connection with, such establishment shall not exceed the number of hours prescribed in this section for such females in any one week or any one day."

This act safeguards the welfare of women, recognizing the harm arising from excessive employment. The power of the State to enact a reasonable regulation of this nature is abundant. The opinion of Attorney-General Brown to the Commissioner of Labor and Industry, dated Dec. 11, 1918, and found in the Report of the Attorney-General for 1917-18, page 482, contains extensive citation of authorities on this point. To effect its purpose, the act, by the above quoted provisions, fixes definite maximum hours of permissible employment, whether it be confined to one or carried on in more than one establishment. In an opinion of First Deputy Attorney-General (now judge of the Superior Court) Keller, in regard to female employees who took work home with them to do in the evening, it was said:

"Under the provisions of the act, a woman may be employed for six days in the week for nine hours each day. This is all the work she may do in, or in connection with, any establishment. In addition to the work in such establishment, she may do household work or other work in her own home, provided it is not in connection with the establishment in which she is employed during the week, and provided that when she is employed or permitted to work in, or in connection with, more than one establishment, the aggregate number of hours during which she shall be employed or permitted to work in, or in connection with, such establishment shall not exceed the number of hours prescribed for any one week or any one day.

"The act not only forbids her employment in an establishment for more than six days in any one week, or more than fifty-four hours in any one week, or more than ten hours in any one day, but forbids her being permitted to work in connection with any establishment beyond the time limited above:" Attorney-General's Report, 1915-1916, page 347.

It is obvious that to allow female employees to work in one establishment the full amount of hours specified as the maximum for a day, and then permit them to work in another establishment any additional period on the same day, would open the door to the precise mischief against which this law seeks to close it. Whenever a woman has worked on any day in, or in connection with, any establishment for the number of hours fixed by the act as the maximum for a day's work, then there has been exhausted for that day her permissible employment in, or in connection with, all establishments whatsoever. A disability is imposed upon them all against her further employment thereon. The act gives to no one a higher or prior right over another to employ women,

but it does set a limit to their lawful employment in any establishment, and the moment the line of that limit is crossed the act is violated and an offence against it is thereupon committed by the then employer.

Applying the rule as above stated, it will be seen that in the specific case here under consideration it is not the first ten hours' employment in the day that offends against the provision of the act fixing the daily hours of employment permitted, but that occurring thereafter. The said employees' lawful hours of daily employment were exhausted in the first of the said establishments, and their further employment on that day, either in that or any other, is explicitly inhibited.

You are advised that a female who has worked in one establishment for ten hours on any day cannot thereafter on the same day be lawfully employed to work in, or in connection with, another establishment, and if so additionally employed, that such second employment, and not the first, constitutes the violation of the provision of the said act which fixes ten hours a day as the permissible limit for a day's work for such an employee.

From Guy H. Davies, Harrisburg, Pa.